IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HARRY LYNN BONSALL, JR., | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. PWG-19-2929 |
| WARDEN WALTER WEST, | * | |
| Respondent. | * | |

\*\*\*
## MEMORANDUM OPINION

Petitioner Harry Lynn Bonsall, Jr. has filed a Petition for a Writ of Habeas Corpus challenging his state conviction pursuant to 28 U.S.C. § 2254. ECF No. 1, 3. Bonsall states as his grounds for relief that (1) his due process and equal protection rights were violated when the assistant state's attorney failed to disclose and destroyed DNA evidence, and (2) his sentence is illegal because it is based on a falsehood. Respondent Warden Walter West filed a "Limited Answer" asserting that Bonsall's claims may not be considered by this Court because the Petition was not timely filed within the one-year limitations period under 28 U.S.C. § 2244. ECF No. 8. Respondent also asserts that Bonsall is not entitled either to statutory tolling or an equitable exception to the one-year filing deadline.

Pursuant to *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002), Bonsall was afforded an opportunity to explain why the Petition should not be dismissed as time barred. ECF No. 9. Bonsall filed a reply. ECF No. 13. Bonsall contends that his claims are not untimely because only 290 days passed between the conclusion of review of the claims on post-conviction and the filing of his federal habeas petition. *Id.* at 1-2. He also contends that his illegal sentence claim is not untimely because it was not discovered until his post-conviction counsel reviewed his presentencing report. *Id.* at 4. Bonsall next

claims that he is entitled to equitable tolling because he did not receive the mandates from the Court of Special Appeals (*id.* at 2) and because his family experienced extreme financial and medical hardship throughout the proceedings (*id.* at 4-5). Bonsall also contends that the statute of limitations does not apply to his claims because the state courts did not conduct an adjudication on the merits (*id.* at 3), and he argues that it would be a miscarriage of justice for the Court to disregard his claims as untimely because they involve federal due process rights and are meritorious (*id.* at 5-10).

No hearing is necessary to resolve the matter. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2021); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons set forth below, the Court shall deny the Petition. The Court also declines to issue a certificate of appealability.

## BACKGROUND

On September 17, 1991, Bonsall pled guilty to arson, first degree rape, and attempted murder in the Circuit Court for Charles County. ECF No. 8-1 at 16. On October 17, 1991, he was sentenced to life imprisonment.[1] ECF No. 8-1 at 14-15. Bonsall's application for review of his sentence by a three-judge panel and motion for reconsideration of sentence were denied. *Id.* at 24.[2] Bonsall did not seek a direct appeal of his conviction.

---

[1]  Bonsall received a concurrent sentence of thirty years on the arson charge, life on the first degree rape charge, and life on the attempted murder charge. ECF No. 8-1 at 14-15.

[2]  These motions were not included in the docket sheets provided by Respondent. They were referenced by Bonsall in his June 11, 2009 application for leave to appeal the denial of his post-conviction relief. Respondent accepts the representation in this pleading as correct. ECF No. 8 at 5, n.5.

Bonsall filed a petition for post-conviction relief in state court on April 15, 1997. *Id.* at 18. He subsequently voluntarily withdrew the petition by motion, which was granted on March 20, 1998. *Id.*

On May 29, 2008, Bonsall filed a motion for partial suspension of sentence. *Id.* at 13. There is no indication in the docket sheet that the circuit court ever ruled on this motion.[3] Next, Bonsall filed a petition for post-conviction relief on August 20, 2008. *Id.* After a hearing on May 5, 2009 (ECF No. 1-5 at 1-109), the circuit court dismissed Bonsall's claims. ECF No. 8-1 at 11. Bonsall filed an application for leave to appeal the denial of his post-conviction petition (*id.* at 22-27), which was denied by the Court of Special Appeals. The mandate was issued on September 20, 2010. *Id.* at 28. Bonsall's application for leave to appeal his 2008 post-conviction application did not include either of the claims in his federal habeas petition.[4]

On May 16, 2016, Bonsall filed a motion to re-open his post-conviction proceedings. *Id.* at 29-34. The motion included the substance of Bonsall's federal habeas claim regarding the suppression and destruction of DNA evidence by the assistant state's attorney. *Id.* at 30, 33. The circuit court denied Bonsall's motion to re-open the proceedings on July 5, 2016. *Id.* at 6. The

---

[3]  Respondent argues that the circuit court had no authority to entertain this motion under Maryland Rule 4-345 because it was filed more than ninety days after sentencing. ECF No. 8 at 6. However, the rule states that an illegal sentence may be revised "at any time." Without the substance of the motion or a disposition from the circuit court dismissing the motion as untimely, the Court will treat the motion as tolling the statute of limitations for purposes of timeliness under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Mitchell v. Green*, 922 F.3d 187 (4th Cir. 2019) (Maryland Rule 4-345, providing for reconsideration of sentence, tolls the one-year statute of limitations in § 2244(d)).

[4]  Bonsall filed a petition for DNA testing on June 24, 2010 (ECF No. 8-1 at 10) and a petition for a writ of actual innocence on May 24, 2011 (ECF No. 8-1 at 9), both of which were denied and neither of which have any impact on the calculation of timeliness of his federal habeas petition.

Court of Special Appeals denied Bonsall's application for leave to appeal, with the mandate issuing on January 9, 2017. *Id.* at 35.

Bonsall filed a second motion to re-open his post-conviction proceedings on October 5, 2017 (*id.* at 4), which was denied on July 3, 2018 (*id.*). The Court of Special Appeals issued its mandate denying Bonsall's application for leave to appeal on December 18, 2018. *Id.*

Bonsall filed his § 2254 Petition with this Court on October 4, 2019. ECF No. 1.

## STANDARDS OF REVIEW

### A. Timeliness

Under 28 U.S.C. § 2244(d)(1), a petition for writ of habeas corpus must be filed within a one-year limitations period, which runs from the latest of:

 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

This one-year period, however, is tolled while properly filed state post-conviction proceedings are pending. *Id.* § 2244(d)(2).

### B. Equitable Tolling

Under limited circumstances, the one-year limitations period for filing a habeas petition may be subject to equitable tolling. *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000); *United States v. Prescott*, 221 F.3d 686, 687-88 (4th Cir. 2000). To invoke equitable tolling, a

4

petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation and internal quotation marks omitted). Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting *Harris*, 209 F.3d at 330).

### C.   Actual Innocence

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court instructed that a federal habeas court faced with an actual innocence claim should not count unjustifiable delay as an absolute barrier to relief, but it should be weighed as a factor in determining whether actual innocence has been reliably established. *Id*. at 399-400. But, the Court cautioned that "tenable actual-innocence gateway claims are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id*. at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)); *see also Finch v. McKoy*, 914 F.3d 292, 298 (4th Cir. 2019).

The *McQuiggin* decision did not create a new right to habeas review, nor did it change existing law. Rather, it simply clarified the "actual innocence" standard as a gateway to habeas corpus review. To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial. *Schlup*, 513 U. S. at 324. New evidence may consist of "exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999); *see Finch*, 914 F.3d at 298. The new evidence must be evaluated with any other admissible evidence of guilt. *Wilson*

*v. Greene*, 155 F.3d 396, 404-05 (4th Cir. 1998).  And, the new evidence must do more than undermine the finding of guilt; it must affirmatively demonstrate innocence. *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999).  To invoke the actual innocence exception to the procedural default doctrine, a defendant "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327.

## ANALYSIS

Respondent asserts that the Petition is time barred and should be dismissed because it was not filed within the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1). Respondent further asserts that Bonsall is not entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2) or an equitable exception.  ECF No. 8.

Bonsall's conviction became final for direct review purposes on November 16, 1991, when the time for filing an application for leave to appeal his guilty plea in the Court of Special Appeals expired, *see* Md. Code Ann., Courts & Judicial Proceedings Article, § 12-302(e)(2); Md. Rule 8-204(b)(2). For prisoners like Bonsall, whose convictions became final before AEDPA was enacted, the one-year limitations period began to run on AEDPA's effective date of April 24, 1996, and thus, Bonsall had until April 24, 1997, absent tolling, to file his federal habeas petition. *Rouse v. Lee*, 339 F.3d at 243. Although AEDPA limitations period is subject to both statutory tolling and equitable tolling for the reasons discussed below, neither operated to render his petition timely filed.

### A.  Statutory Tolling

#### (i)   Claim 1: Suppression/Destruction of DNA Evidence

Bonsall appears to argue that the statute of limitations for Claim 1 did not begin to run under 28 U.S.C. § 2244 (d)(1)(D) because the factual basis was not discovered until he filed his

second motion to re-open post-conviction proceedings on October 5, 2017. ECF No. 13 at 2. Bonsall contends that the statute of limitations remained tolled until the Court of Special Appeals' mandate on December 18, 2018. According to Bonsall, only 290 days passed when no collateral review was pending until he filed his federal habeas petition on October 4, 2019. *Id.*

However, the record reflects that Bonsall knew about Claim 1 when he filed his first motion to re-open his post-conviction proceedings on May 16, 2016.[5] At that time, Bonsall made the same claims of suppression and destruction of DNA evidence against the state's attorney's office in his petition to re-open his post-conviction proceedings. ECF No. 8-1 at 30, 33. Bonsall concedes that 269 days passed between the conclusion of appellate review of his first motion to re-open post-conviction proceedings and the initiation of his second motion to re-open post-conviction proceedings. ECF No. 13 at 2. Then, an additional 290 days elapsed between the time review concluded on Bonsall's second motion to re-open post-conviction proceedings and the filing of his federal habeas petition. Because more than a year passed when no collateral review was pending, Claim 1 is time barred under 28 U.S.C. § 2244(d).

**(ii)     Claim 2: Illegal Sentence**

Bonsall argues that Claim 2 was not discovered until after his post-conviction counsel reviewed his file. ECF No. 13 at 4. However, the record reflects that Bonsall could have discovered the factual predicate of Claim 2 with the exercise of due diligence as of his sentencing hearing on October 17, 1991. Bonsall contends that the circuit court sentenced him above the

---

[5]     The standard under 28 U.S.C. § 2244 (d)(1)(D) is "could have been discovered through the exercise of due diligence." It is unclear exactly when Bonsall could have become aware of his claim regarding the DNA evidence with the exercise of due diligence. The record reflects he was in fact aware as late as May 16, 2016. But it also appears that Bonsall may have been aware of the factual predicate of Claim 1 as early as 2005 when he received a response to his public records request. ECF No. 13 at 7.

7

guideline range to life imprisonment based on a falsehood in his presentencing report. ECF No. 1 at 7. Bonsall claims that he was acquitted of rape the first time the victim made an accusation, but the presentencing report stated that he victimized the rape victim twice. The transcript from the sentencing hearing reflects that Bonsall's counsel brought this fact to the circuit court's attention, stating that Bonsall was acquitted on the first allegation of rape and that the recommendation in presentence report of enhanced punishment because of second victimization was "preposterous." ECF No. 1-5 at 166-67.

Accordingly, the statute of limitations began to run one year after AEDPA's effective date of April 24, 1996. Bonsall allowed 356 days to pass until he filed an application for post-conviction relief on April 15, 1997, which was voluntarily withdrawn on March 20, 1998. Then, more than ten years passed until Bonsall sought any additional collateral review when he filed his motion for partial suspension of sentence on May 29, 2008. Accordingly, the one-year statute of limitations had long expired when Bonsall filed his federal habeas petition on October 4, 2019, and Claim 2 is untimely.

### B. Equitable Tolling

First, Bonsall contends that he is entitled to equitable tolling because he did not receive notice from the Court of Special Appeals that his applications for leave to appeal the denial of his motions to re-open his post-conviction proceedings were denied. ECF No. 13 at 2.[6]

---

[6] The record only includes the content of Bonsall's first motion to re-open his post-conviction proceedings (May 16, 2016). ECF No. 8-1 at 29-34. This motion does not include the substance of Claim 2. As discussed herein, Bonsall was aware of the substance of Claim 2 as of the date of his sentencing hearing, October 17, 1991. Accordingly, any alleged failure of the Court of Special Appeals to send notices regarding his May 16, 2016, or October 5, 2017, motions to re-open post-conviction proceedings would have no impact on his ability to timely file a federal habeas petition on Claim 2.

Bonsall offers no proof that he failed to receive any notice from the Court of Special Appeals. He did say that a request for his mail logs was "pending." ECF No. 13 at 2, n.1. However, this statement was made well over two years ago and no effort has been made to supplement the record with the mail logs or any other evidence that the Court of Special Appeals failed to timely supply Bonsall with copies of the orders denying his applications for leave. Bonsall offers no details about when he received the notices and the alleged length of delay it caused. Moreover, Bonsall offers no explanation of whether he made any attempts to contact the Court of Special Appeals to inquire about the status of his cases given the allegedly lengthy period that had passed without any notice of decision. Bonsall's unsubstantiated statement is insufficient to satisfy the heavy burden of "an extraordinary circumstance that stood in his way" or that he "pursued his rights diligently." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Kissi v. U.S.*, No. CIV. AW-12-1944, 2012 WL 3156834, at *1 (D. Md. Aug. 2, 2012) (self-serving and unsubstantiated assertions of lost mail fail to demonstrate diligent pursuit of rights or extraordinary circumstance).

Bonsall also seeks equitable tolling because "his family experienced extreme financial and medical hardship throughout his sentence and the pendency of these proceedings." ECF No. 13 at 4. Bonsall mentions his mother's heart and knee surgeries, medical bills, and difficulty retaining counsel because of limited financial resources. *Id.* at 4-5. These claims are not sufficient to support a finding of equitable tolling. *See Vines v. Watson*, No. 1:07CV1280 (CMH/BRP), 2008 WL 11491669, at *2 (E.D. Va. June 4, 2008) (health and financial complications which prevented a prisoner's parents from assisting him with his legal issues insufficient to support equitable tolling).

9

Bonsall argues that it would be a "miscarriage of justice" if the Court did not consider his claims because the claims involve federal due process rights and are meritorious. ECF No. 13 at 5-10. However, as discussed above, the "miscarriage of justice" exception to the statute of limitations is reserved for circumstances in which a petitioner can show actual innocence. Bonsall has not asserted that he is actually innocent, nor has he offered any evidence that would "show… more likely than not that no reasonable juror would have convicted him…" *Schlup*, 513 U.S. at 327.

Lastly, Bonsall contends that AEDPA's statute of limitations does not apply to him. Bonsall argues that the state courts did not "adjudicate his claim on the merits" because the Court of Special Appeals issued summary decisions dismissing his applications for leave to appeal. ECF No. 13 at 3. The Court has not been provided any reasoned decision by the state courts and therefore cannot determine the grounds on which Bonsall's claims were dismissed or whether those claims were overlooked. Regardless, the consequence of the state courts' failing to adjudicate Bonsall's claims on the merits would be the *de novo* standard of review rather than the deferential standard found in 28 U.S.C. § 2254(d). *See also Winston v. Pearson*, 683 F.3d 489 (4th Cir. 2012).

But in any event, the state courts' alleged failure to adjudicate a habeas petitioner's claims on the merits is not a basis for a federal court to ignore the one-year statute of limitations in 28 U.S.C. § 2244. *See DeWild v. Raemisch*, 750 F. App'x. 703, 705 (10th Cir. 2018). This argument is without merit.

For the reasons stated herein, the relief sought must be denied and the Petition shall be dismissed as untimely.

## CERTIFICATE OF APPEALABILITY

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).  Bonsall fails to meet this standard and a Certificate of Appealability shall not issue.

Bonsall may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.  *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## CONCLUSION

For the foregoing reasons, the Petition is DISMISSED as time barred.  The Court declines to issue a Certificate of Appealability.  A separate Order shall issue.


August 8, 2022                                              /S/
Date                                              Paul W. Grimm
                                                  United States District Judge